UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |  |
|---|---|---|
| REYNALDO FLORES, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:14-CV-283 |
| | § | |
| TDCJ TRANSITORIAL PLANNING | § | |
| DEPART. SOUTHERN REGION INST. | § | |
| DIVISION ET AL, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER ADOPTING IN PART AMENDED MEMORANDUM AND RECOMMENDATION TO DISMISS ACTION

Pending before the Court are Plaintiff's Complaint (D.E. 1), Plaintiff's Motion for Extension of Time to File an Amended Complaint (D.E. 17), Plaintiff's Amended Complaint filed with his Objections to the initial Memorandum and Recommendation (D.E. 25), and Plaintiff's Motion for Order to Show Cause for a Preliminary Injunction and a Temporary Restraining Order (D.E. 27). On June 15, 2015, United States Magistrate Judge Jason B. Libby issued an Amended Memorandum and Recommendation to Dismiss Action (Amended M&R, D.E. 36), recommending that Plaintiff's Motion for Extension of Time be denied and that Plaintiff's Complaint be dismissed. Plaintiff timely filed his Objections (D.E. 41) on July 29, 2015.

As set out more fully below, the Court GRANTS Plaintiff's motion for extension of time (D.E. 17) and grants leave to file Plaintiff's amended complaint, made part of his initial objections (D.E. 25). After a review of Plaintiff's amended claims, the Court RETAINS the claim that inmates are deprived of food on weekends for further

determination of whether the claim is frivolous. This claim needs to be further developed and screened because it is unclear who the claim is against. The Court DISMISSES the remaining claims. The Court further DENIES the motion for a temporary restraining order or preliminary injunction because Plaintiff has not pleaded sufficient likelihood of success on the merits.

Plaintiff argues that the screening requirements of the Prison Litigation Reform Act, 42 U.S.C. § 1997e; 28 U.S.C. §§ 1915(e)(2), 1915A, do not apply because he is a political prisoner or immigration detainee. The records reflect, however, that he is incarcerated in the Texas Department of Criminal Justice-Criminal Institutions Division on a ten-year sentence for a family violence conviction—a fact that he does not dispute. His objection to having his complaint subjected to screening is without merit and is OVERRULED.

Plaintiff's objections (D.E. 41) comprise 52 pages of handwritten discussion that includes a historical background of 42 U.S.C. §§ 1981-1989 and a repetition of all of his claims. He alleges that he was kidnapped at gunpoint and is being held in captivity as a result of a conspiracy involving his insane wife, her sexual partners, and domestic and international terrorism. The purpose of the conspiracy was to appropriate his identity and assets and to have his children "sold as livestock." The objections are stated in the form of re-urging his amended complaint and thus contain little as to any alleged error in the reasoning of the M&R.

Because Plaintiff's objections are based on the allegations in his amended complaint, and for clarity in ruling on those allegations, the Court GRANTS Plaintiff's

motion for extension of time to file an amended complaint (D.E. 17), and rules on his claims as stated in the amended complaint, which is contained within his objections (D.E. 25) to a prior memorandum and recommendation (D.E. 19).  The Court reviews Plaintiff's claims on a party-by-party basis.

### A. Plaintiff's Wife and Her Boyfriend

Plaintiff sues his wife, Mayra Rubio Sanchez (Sanchez), and her boyfriend, Edward Garcia (Garcia).  He alleges that they made false accusations against him (some of which led to acquittals and some of which serve as the basis for his convictions) so that they could sell his assets for their own gain.  He alleges that they appropriated his identity in order to obtain credit for their use and required him to pay debts before they would allow him to visit with his children.

Plaintiff brings this action under 42 U.S.C. §§ 1981 et seq, claiming that he is discriminated against because he is an immigrant.  However, Sanchez and Garcia's conduct is not conduct engaged in "under color of law" as required by 42 U.S.C. §§ 1981(c), 1983 because they are private individuals.  Plaintiff alleges that Sanchez and Garcia enlisted the assistance of Detective Vara and that Garcia introduced himself on one occasion as "Sgt. Garcia," but that is not enough to make Sanchez and Garcia "state actors."  Plaintiff also claims that Sanchez and Garcia are "state actors" by virtue of a conspiracy with law enforcement to conceal Plaintiff's exculpatory evidence.  This allegation is conclusory and speculative, without specific factual allegations to support it.  It fails the pleading test of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

The Court OVERRULES Plaintiff's objection and adopts the Amended M&R's recommendation of dismissal of the claims against Sanchez and Garcia because they are not state actors and did not engage in discrimination as required by the statutes under which they are sued. D.E. 36, p. 12. Alternatively, the allegations regarding Sanchez and Garcia involve events that took place in Bexar County. There are no allegations connecting them to any location within the geographical jurisdiction of this Court. As discussed more fully below, venue is not appropriate in this Court and the Court dismisses the claims on that basis.

### B. Bexar County Defendants

Plaintiff sues everyone connected with his arrest and the prosecution of the criminal charges against him. Included are:

- San Antonio Police Department employees: Officer Francis Ochoa, Officer Castellanos, Detective R. Vara, Detective R. Valadez, Sergeant J. Porter, and Sergeant David Bierman, named for their actions in arresting and holding Plaintiff pursuant to the criminal complaints made against him.

- The Grand Jury foreman, with respect to the indictment against Plaintiff.

- Bexar County prosecutors: Susan D. Reed, George Albritton "Britt" Eastland, and Christopher W. DeMartino, named for their actions in prosecuting the criminal complaints against Plaintiff.

- His attorney, Rebecca P. Bustamante, who defended him against the criminal complaints until he received permission to represent himself pro se. He alleges that Bustamante had an agreement with the District Attorney which facilitated the conviction of immigrants and he alleges other errors and omissions in his defense.

- Bexar County Juvenile Detention Officer, David Geyer, who Plaintiff contends was a bribed witness in a conspiracy with Susan Reed.

- Kevin P. Yeary, the State's appellate counsel, for his work to gain affirmance of Plaintiff's conviction.

- Bexar County District Clerk, Donna K. McKinney, and Supervisor of Criminal Support, Alice Gonzales, for alleged failures to file, or spoliation of, letters Plaintiff sent and for sending him copies of the wrong documents or an incomplete copy of the right documents when he sought his trial record.

- Former Chief Justice Catherine Stone and Justices Marialyn Barnard, Rebeca Martinez, and Patricia Alvarez of the Fourth Court of Appeals of Texas for their opinion affirming his conviction and orders refusing to allow him untimely filing of documents.

- San Antonio Parole Board Officers or employees, Juanita Gonzales, Anthony Ramirez, Charles Speier, and Jesus Salinas, for allegedly participating in a conspiracy to keep him incarcerated and retaliating against him for his effort to appeal his conviction and incarceration.

Plaintiff's complaints are made against these Defendants in their official and personal capacities. While this Court dismisses these claims on procedural grounds (improper venue), the Court notes that these complaints have questionable merit and are likely barred by various privileges, immunities, and conditions precedent. The Court cautions Plaintiff to carefully consider pursuing these claims given the three-strikes rule to which he is subject. 28 U.S.C. § 1915(g).

Plaintiff has failed to allege any fact to show that these Defendants reside within the geographical jurisdiction of the Southern District of Texas. The San Antonio Police Department is located in Bexar County, where the events regarding Plaintiff's arrest took place. Bexar County was the venue for his prosecution and the appeal of his conviction. There is no suggestion that any evidence is more easily accessed through this Court than through one located in Bexar County. As the Amended M&R observes, Bexar County is

in the geographical jurisdiction of the Western District of Texas. 28 U.S.C. § 124(d)(4). There are no allegations connecting the claims or evidence against these Defendants with the Southern District of Texas.

Under the general venue statute, 28 U.S.C. § 1391(b)(1), (2), venue lies in the place where the defendant resides or where a substantial part of the events or omissions giving rise to the claim occurred. Plaintiff offers no allegation regarding where these Defendants reside. Clearly, the events about which he complains took place in Bexar County. Thus, under the venue statute, venue belongs in the Western District of Texas, San Antonio Division.

Plaintiff was given notice that venue was incorrect for these claims and that the Amended M&R recommended dismissal rather than transfer to the Western District. He made only two arguments in defense of filing the claims in this Court: (1) all of the claims must be joined together because they are sufficiently intertwined with the complaints about the Garza East and Garza West Units, located in this District and Division; and (2) the catchall provision of 28 U.S.C. § 1391(b)(3) applies.

The catchall provision does not apply where § 1391(b)(1) or (2) supplies an available venue so that argument is without merit. With respect to the joinder of claims, the Court disagrees. This is not a matter of multiple claims being made against a single party, as provided for in Federal Rule of Civil Procedure 18(a). And while the claims relate to Plaintiff's arrest, prosecution, conviction, appeal, and punishment for domestic violence, the claims are not "such that he would ordinarily be expected to try them all in one judicial proceeding." *United Mine Workers of Am. v. Gibbs,* 383 U.S. 715, 725

(1966). The claims involving the Garza Units are particular to the employees of that facility and do not relate to the events that led to Plaintiff's incarceration there. Therefore, his claims against the Bexar County Defendants are not properly brought in this Court.

The Court finds that these claims are subject to dismissal for improper venue. 28 U.S.C § 1406(a). Without adopting the Amended M&R's reasoning regarding a jurisdictional basis for dismissal, the Court OVERRULES Plaintiff's objections and adopts the Amended M&R's recommendation of dismissal of these claims without prejudice.

### C. LaSalle County Defendants

Plaintiff sues Warden Barber and Classification Officer J. Diaz with respect to conduct occurring at the Cotulla Unit of TDCJ-CID. Included are allegations that the conditions of confinement constituted cruel and unusual punishment in violation of the Eighth Amendment. More specifically, Plaintiff complains of the facility being a "metal cage" without ventilation where he was placed in solitary confinement for 25 days with the temperature sometimes exceeding 100 degrees Fahrenheit.

The Cotulla Unit is located in LaSalle County, Texas. LaSalle County is in the geographic jurisdiction of the Laredo Division of the Southern District of Texas. 28 U.S.C. § 124(b)(3). Just as with the Bexar County Defendants discussed above, there are no allegations linking the La Salle County Defendants or their conduct to the Corpus Christi Division of the Southern District of Texas. The Amended M&R provided notice that these claims were not raised in the correct venue and that dismissal was

recommended. Again, Plaintiff seeks to apply the catchall provision of the venue statute, 28 U.S.C. § 1391(b)(3), which does not apply when the correct venue is available. He again seeks joinder of common claims, which is rejected.

Plaintiff also invokes the venue provision for multi-district litigation, 28 U.S.C. § 1407. This case does not qualify as multi-district litigation because it involves separate claims against separate defendants. It is not a situation where several plaintiffs make common claims against the same defendants. The Court OVERRULES Plaintiff's objections and adopts the recommendation of the Amended M&R to dismiss the claims against the LaSalle County Defendants. This ruling is based on improper venue rather than the jurisdictional basis stated in the Amended M&R.

### D. Bee County Defendants

The remaining Defendants, Mayor Harris, R. Trevino, Mitchell, and John Doe employees of mailrooms, are sued in connection with their work at the Garza East and/or Garza West Units of TDCJ-CID, both of which are located in Bee County, Texas. These facilities are within the geographical jurisdiction of this Court. 28 U.S.C. § 124(b)(6). Thus venue is appropriate in this Court for these claims.

As the Amended M&R concludes, the Eleventh Amendment prevents this Court from exercising jurisdiction over certain claims. The Eleventh Amendment's effect on this Court's jurisdiction is tantamount to granting state officials immunity from particular claims. D.E. 36, pp. 13-14. Plaintiff argues that Eleventh Amendment immunity cannot prevent his request for injunctive relief (and attorney's fees attendant to that claim) or claims made against these Defendants in their personal capacities. However, the

Amended M&R did not recommend dismissal of the injunctive relief claims or the claims against Defendants in their personal capacities based on Eleventh Amendment grounds. Thus this objection is OVERRULED.

Plaintiff's claims for injunctive relief against the Garza Units' officers are subject to dismissal because they became moot upon his transfer from that facility. D.E. 36, p. 14 n.3. He objects to the dismissal, claiming that his rights continued to be violated in the facility to which he was transferred. He cites *Helling v. McKinney*, 509 U.S. 25, 35-36 (1993) and *Williams v. Lane*, 851 F.2d 867, 883-84 (7th Cir. 1988) in support, but these cases are inapposite.

In *Helling*, the issue was whether the prison system exposed the inmate to a substantial health risk by not protecting him from second-hand cigarette smoke. Although the prisoner had been transferred from the facility in which his cellmate had been a heavy smoker, the Supreme Court held that the prisoner could proceed with his claim because the danger had not necessarily subsided and that it was important to determine the prison's liability in light of the ameliorative prison policies that had since been put into effect. While the opinion acknowledged that injunctive relief had been requested, the propriety of such relief under the circumstances there (which involved an evolution in societal norms to which all prisons must be responsive) was not expressly challenged.

*Williams* involved a class action brought on behalf of persons held in protective custody whose rights to the free exercise of religion and access to the courts were impaired by prison policies. The prison had failed to comply with previous orders and

the issue was whether a special master could lawfully be appointed to monitor and supervise the prison's compliance. Here, Plaintiff's individual complaints in seeking an injunction after leaving a facility that treated him in a manner he alleges was cruel and unusual are not analogous to those in *Williams*.

Plaintiff attempts to link conduct in different facilities so that he can claim a single harm that follows him throughout those TDCJ facilities. He contends that his complaints about the Garza Units are part of one vast conspiracy that began with his arrest and continues as he serves his sentence, wherever he may be serving that sentence. As previously noted, Plaintiff's "vast conspiracy" allegations are conclusory and fail the *Twombly/Iqbal* test. The Court OVERRULES Plaintiff's objection to the Amended M&R's conclusion that his claim for injunctive relief was mooted upon his transfer from the Garza Units.

Plaintiff also objects to the application of qualified immunity to the injunctive relief claims because he alleges that the officers' actions were unreasonable. However the Amended M&R did not apply qualified immunity to these claims so this Court OVERRULES his objection as moot. The Court thus OVERRULES Plaintiff's objections to the application of the Eleventh Amendment and adopts the Amended M&R's recommendation to dismiss any claim for money damages against the Bee County Defendants in their official capacities. The Court also adopts the Amended M&R's recommendation to dismiss any claims for injunctive relief as moot.

Because Plaintiff also seeks damages against these Defendants in their personal capacities, the Court reviews the substance of the allegations to determine whether they

are frivolous, malicious, or fail to state a claim upon which relief may be granted.  28 U.S.C.A. §§ 1915(e), 1915A(b).  The Amended M&R recommends dismissal of each of the claims as lacking merit and further recommends that a dismissal of the claims count as a "strike" under the three-strikes rule applicable to cases filed *in forma pauperis*.  28 U.S.C.A. § 1915(g).

### 1.  Conditions of Confinement

The Amended M&R notes that in order to make a claim that a condition of confinement violates the Eighth Amendment "cruel and unusual punishment" clause, Plaintiff must plead facts that satisfy a two-pronged test:  (1) that prison conditions were, objectively, serious enough to have deprived him of the "minimal civilized measure of life's necessities" under contemporary standards of decency; and (2) that the responsible defendants acted with deliberate indifference—that they knew of and disregarded a substantial risk to an inmate's health or safety.  D.E. 36, pp. 14-16.  The Amended M&R reasons that Plaintiff's allegations regarding conditions of confinement did not satisfy the requirement of presenting a substantial risk to him of which Defendants were actually aware.

In his objections, Plaintiff fails to state how the conditions he complains about, including unsanitary conditions presented by pests, food quality, air quality, or extreme temperatures, pose a substantial risk of harm to him.  His allegations are speculative and conclusory and do not satisfy the pleading requirements of *Twombly/Iqbal* for the claims alleged.

The only exception is allegations that the Garza facility and all facilities within Region IV of TDCJ-CID serve no food on weekends, thus depriving the inmates of food on more than 110 days per year. The Amended M&R recites that Plaintiff did not complain of being deprived of food. However, the amended complaint which the Court allowed to be filed makes this allegation and Plaintiff's objections repeat the allegation. While this claim lacks plausibility, the Court RETAINS this claim for further determination of whether the claim is frivolous under the terms of the Prison Litigation Reform Act.

The Court OVERRULES Plaintiff's objections to the Amended M&R and adopts the recommendation to dismiss his complaints regarding unsanitary conditions posed by pests, food quality, air quality, and extreme temperatures, retaining only the claim regarding deprivation of food on weekends.

### 2. Denial of Access to Courts

In his objections, Plaintiff contends that he suffered an actual injury from the Garza Units' interference with his access to courts in that his conviction was affirmed (Case No. 04-12-00815-CR/14-50061) on or about June 25, 2014, his parole was denied about the same date, and there was interference with his mail to the Human Rights Organization and International Court of Human Rights in the Hague, Netherlands.

Plaintiff does not show any prejudice from the alleged interference with the appeal of his conviction. The appeal had been fully briefed and the court affirmed the conviction. At best, he was deprived of an opportunity to file a motion for rehearing and perhaps further appeals. But Plaintiff does not allege any facts by which this Court could

find that he would have succeeded in getting his conviction reversed had he engaged in any further appeal. Likewise, he does not allege any facts to support his conclusion that interference with his legal mail or supplies caused him to be denied parole. Without a demonstration of prejudice from the alleged denial of access to courts, he has no viable complaint. D.E. 36, pp. 19-20.

In addition, Plaintiff does not demonstrate that the Hague has any jurisdiction to effect any remedies on his behalf or that such remedies would have been implemented had there been no interference with his legal mail or supplies. Again, Plaintiff has failed to plead facts that would support a finding of prejudice. His conclusory complaints are insufficient under *Twombly/Iqbal*. The Court OVERRULES Plaintiff's objections to the Amended M&R with respect to claims for interference with his access to courts and adopts the Amended M&R's recommendation to dismiss these claims.

### 3. Retaliation

Plaintiff objects to the Amended M&R's recommendation that his claim for retaliation be dismissed, stating that it was not unusual for him to have a supply of stamps and envelopes because he bought them at a time when he was not indigent. He claims to need them because he acts as a jailhouse lawyer for other inmates and that Defendants are retaliating against him for the legal work he does on behalf of others. While Plaintiff describes this as a First Amendment issue, he does not describe his exercise of any First Amendment right that allegedly triggered retaliation.

Plaintiff does not have a constitutional right to act as a jailhouse lawyer for other inmates or to do so in a particular facility. *Tighe v. Wall*, 100 F.3d 41, 42 (5th Cir. 1996).

13 / 15

His argument, therefore, cannot supply the basis for a retaliation claim under 42 U.S.C. § 1983. Consequently, Plaintiff has not stated a viable claim for retaliation. The Court **OVERRULES** his objection and adopts the Amended M&R's recommendation to dismiss the retaliation claim.

### E. Construction as Petition for Writ of Habeas Corpus.

Plaintiff occasionally suggests that his complaint should be construed as a petition for writ of habeas corpus. Plaintiff complains of both conditions of confinement and the fact or duration of confinement. The Court declines to treat this as a habeas case for three reasons: (1) this case was filed as a civil rights complaint under 42 U.S.C. § 1983 and addresses some complaints regarding conditions of confinement, which are not appropriate in a habeas case; (2) the Court has dismissed the claims that most closely challenge the fact or duration of his confinement for improper venue and they were not addressed on their merits; and (3) Plaintiff specifically states that it is "imperative" that the Court understand that he is not challenging his conviction in this case. D.E. 25, p. 10.

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Amended Memorandum and Recommendation, as well as Plaintiff's Objections, and all other relevant documents in the record, and having made a de novo disposition of the portions of the Magistrate Judge's Amended Memorandum and Recommendation to which objections were specifically directed, the Court **SUSTAINS** Plaintiff's objection to the dismissal of his claim for deprivation of food and **RETAINS** this claim for further investigation. The Court **OVERRULES** the remainder of Plaintiff's Objections and **ADOPTS IN PART AS MODIFIED** the findings and

conclusions of the Magistrate Judge and **DISMISSES** the remaining claims. Accordingly, the Court **GRANTS** Plaintiff's motion for extension of time (D.E. 17) and grants leave to file Plaintiff's amended complaint, made part of his objections (D.E. 25). The Court **DENIES** Plaintiff's motion for preliminary injunctive relief (D.E. 27).

ORDERED this 21st day of September, 2015.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE