Case 2:14-cv-00283 Document 54 Filed in TXSD on 11/17/15 Page 1 of 8

United States District Court
Southern District of Texas
**ENTERED**
November 17, 2015
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| REYNALDO FLORES, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 2:14-CV-283 |
| § | |
| TDCJ TRANSITORIAL PLANNING § | |
| DEPART. SOUTHERN REGION INST. § | |
| DIVISION ET AL, *et al*, § | |
| § | |
| Defendants. § | |

## SUPPLEMENTAL MEMORANDUM AND RECOMMENDATION ON REMANDED CLAIM

By Order entered September 21, 2015, United States District Judge Nelva Gonzales Ramos remanded for § 1915A screening of Plaintiff's Eighth Amendment claim that, while he was confined at the Garza East and West Units in Beeville, Texas, in 2014, he was served no food on weekends. (D.E. 42, p. 12). Below are the findings and recommendation on this claim.

### I. JURISDICTION.

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331.

### II. PROCEDURAL BACKGROUND.

The procedural background of this case is set forth in the June 15, 2015 Amended Memorandum and Recommendation to Dismiss Action (D.E. 36), and need not be repeated herein. For purposes of this supplemental memorandum, Plaintiff remains a

prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID), and is confined at the Cotulla Unit in Cotulla, Texas.  He is currently serving a ten-year sentence out of Bexar County, Texas, entered on December 3, 2012, for assaulting a family member.  Plaintiff is a Mexican National with an immigration hold against him.

By Amended Memorandum and Recommendation entered June 15, 2015, the undersigned recommended that Plaintiff's action be dismissed for failure to state a claim and/or as frivolous, and that his request for a Temporary Restraining Order be denied. (D.E. 36).  On September 21, 2015, the Court adopted the recommendation in part and dismissed all of Plaintiff's claims, save and except his allegation that he was denied food on the weekends while detained at the Garza East and West Units.  (D.E. 42).  No final judgment was entered.  On October 1, 2015, Plaintiff filed a Notice of Interlocutory Appeal.  (D.E. 44).

On October 16, 2015, a supplemental *Spears*[1] hearing was conducted.

### III.   PLAINTIFF'S EVIDENCE REGARDING FOOD CLAIM.

Plaintiff arrived at the Garza West Unit on March 13, 2014.[2]  On April 7, 2014, he was transferred to the Garza East Unit.  On June 29, 2014, he was transferred to the Cotulla Unit.  Thus his denial of food on the weekends claim spans from March 13, 2014, until June 29, 2014, approximately three and a-half months.

---

[1] *Spears v. McCotter,* 766 F.2d 179 (5th Cir. 1985).

[2] Plaintiff was also confined at the Garza West Unit from May 27, 2011 through September 30, 2011.  He filed his original complaint on June 30, 2014, and any claim from 2011 is barred by limitations.  *See Jacobsen v. Osborne,* 133 F.3d 315, 319 (5th Cir. 1998) (federal court borrows forum state's general personal-injury limitations provision, and in Texas, that period is two years).

Initially, Plaintiff testified that he received "no food at all" on the weekends while confined at the Garza East and West Units in 2014.  However, upon additional questioning, Plaintiff admitted that he received both breakfast and dinner on weekends, but did not receive lunch.  On Saturdays and Sundays, the Garza East and West Units served only two meals a day: a breakfast, served between 5:00 and 7:00 a.m., and a dinner, served between 4:00 and 6:30 p.m.  When Plaintiff questioned prison officials about this practice, he was told that prisoners get double servings at breakfast and dinner on the weekends, thus justifying no lunch.  Plaintiff filed several grievances with prison officials complaining about the failure to provide three meals a day but those grievances were destroyed or otherwise "interfered with," and his request to appoint a special master to look into the matter was denied by prison authorities.

Plaintiff claims that he is suing Brad Livingston, the TDCJ Executive Director and "all of his subordinates" in charge of food services because they orchestrated a conspiracy to deny Plaintiff his Eighth Amendment rights.  Plaintiff is suing Major Harris of the Garza East Unit because, after Plaintiff complained to him about the denial of lunch as cruel and unusual punishment, Major Harris responded on June 26, 2014 that he had a "license to torture inmates," and he did nothing to remedy the situation.  Plaintiff claims that Major Harris is "an enemy of the Constitution."

Plaintiff is 43 years old.  He is 5'11" tall and weighs between 155-160 pounds.  His weight has remained fairly consistent throughout his time in the TDCJ-CID.  When he has money in his inmate account, he is able to purchase food at the prison commissary.

Plaintiff is seeking compensatory and punitive damages for the violation of his Eighth Amendment rights while at the Garza East and West Units.

## IV.   DISCUSSION.

Plaintiff maintains that Defendants violated his right to be free from cruel and unusual punishment when they denied him lunch on the weekends between March 13, 2014 and June 29, 2014.

The Eighth Amendment prohibits cruel and unusual punishment.  U.S. Const. amend. VIII.  Prison officials must provide humane conditions of confinement; ensure that inmates receive adequate food, clothing, shelter, and medical care; and take reasonable measures to guarantee the safety of the inmates.  *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).  Conditions that result in "unquestioned and serious deprivations of basic human needs" or "deprive inmates of the minimal civilized measure of life's necessities" violate the Eighth Amendment.  *Hudson v. McMillian*, 503 U.S. 1, 8-10 (1992); *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).  Such a violation occurs when a prison official is deliberately indifferent to an inmate's health or safety.  *Farmer*, 511 U.S. at 834.  Deliberate indifference is more than mere negligence.  *Id.* at 835.  To act with deliberate indifference, a prison official must both know of and disregard an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference.  *Id.* at 837.

Prisoners are guaranteed a nutritionally adequate diet.  *See Wilson v. Seiter,* 501 U.S. 294, 303 (1991).  However, withholding of food does not *per se* constitute an

objectively serious deprivation in violation of the Constitution. *Reed v. McBride,* 178 F.3d 849, 853 (7th Cir. 1999). The circumstances, nature, and duration of a deprivation of life's necessities must be considered in determining whether a constitutional violation has occurred. "In general, the severity and duration of deprivations necessary to state a constitutional violation are inversely proportional, so that minor deprivations suffered for short periods would not rise to an Eighth Amendment violation, while 'substantial deprivations of shelter, food, drinking water, and sanitation' may meet the standard despite a shorter duration." *Deapain v. Uphoff,* 264 F.3d 965, 974 (10th Cir. 2001) (quoting *Johnson v. Lewis,* 217 F.3d 726, 732 (9th Cir. 1999)); *see also Whitnack v. Douglas County,* 16 F.3d 954, 958 (8th Cir. 1994).

In *Green v. Ferrell,* 801 F.2d 765, 770-71 (5th Cir. 1986), prisoner-plaintiffs brought a class action lawsuit complaining about the conditions of confinement in a Mississippi county jail, including that the Adams County Jail served only two meals a day. The case was tried before a magistrate judge and he ordered injunctive relief *inter alia,* on the food claim, stating: "The jail must provide three nutritionally adequate meals per day. The third meal may be in the form of a mid-day or bedtime light meal, so long as the meal meets the recognized daily requirements both nutritionally and calorically." *Id.* at 770. On appeal, the Fifth Circuit reversed the portion of the judgment requiring a third meal. *Id.* at 771. The Fifth Circuit noted that none of the prisoner-plaintiffs had alleged any medical problems caused by being served only two meals, and the mere fact that experts might recommend three meals a day does "not create constitutional standards under the eighth amendment." *Id.* Thus*, under Green,* two meals a day may be

constitutionally adequate on even a regular, permanent basis, let alone only two days a week. *See also, Talib v. Gilley,* 138 F.3d 211, 214 n. 3 (5th Cir. 1998) (finding it "doubtful" that prisoners missing fifty meals in five months "was denied anything close to a minimal measure of life's necessities," and commenting that "[m]issing a mere one out of every nine meals is hardly more than that missed by many working citizens over the same period."); *Berry v. Brady,* 192 F.3d 504, 506-08 (5th Cir. 1999) (finding that denying an inmate eight meals over seven months because of the inmate's failure to shave did not meet the objective component, and noting that the prisoner had not alleged any specific physical harm, nor had he claimed that he lost weight or suffered other adverse physical effects or had his health put at risk). *And see Gardner v. Beale,* 780 F. Supp. 1073 (E.D. Va. 1991), *aff'd* 998 F.2d 1008 (4th Cir. 1993) (providing prisoner with only two meals per day, with an 18-hour interval between dinner and brunch, did not satisfy objective component of Eighth Amendment standard).

Between March 13, 2014 and June 29, 2014, there were sixteen (16) weekends, for a total of 32 days. Plaintiff was confined at the Garza East/West Units a total of 108 days. If Plaintiff had received 3 meals a day for 108 days he would have received 324 meals. Instead, he received 3 meals a day for 76 days, which is 228 meals, plus 2 meals a day for 32 days, or 64 meals, for a total of 292 meals. Thus, over 108 days, Plaintiff is complaining about missing 32 meals out of 324.

More importantly, Plaintiff alleges no injury as a consequence of receiving two meals a day on the weekends. Plaintiff testified that his weight has remained constant throughout his time in the TDCJ; he has not suffered any significant weight loss, nor has

he been diagnosed with any medical condition attributable to poor nutrition or lack of calories. Without some injury, Plaintiff cannot prevail on his Eighth Amendment claim for damages against the named Defendants.[3] *See Hudson v. McMillian,* 503 U.S. 1, 8-10 (1992) (to state an Eighth Amendment conditions of confinement claim, the harm suffered from the alleged violation must be more than *de minimis*).

## V. RECOMMENDATION.

Plaintiff claimed that he was denied all food on weekends and, after questioned whether the records of Garza East and West Units would reflect as much, he clarified that his complaint was he was not served lunch on the weekends. However, Plaintiff testified that he did not suffer any injury as a consequence of receiving lunch on the weekends for the 108 days he was confined at the Garza East and West Units in 2014. Accordingly, he fails to state a cognizable Eighth Amendment violation, and it is respectfully recommended that this claim be dismissed with prejudice as frivolous and for failure to state a claim pursuant to 28 U.S.C. §§.1915e(2) and 1915A(b)(1).[4] It is further respectfully recommended that final judgment of dismissal be entered in this action.

ORDERED this 17th day of November, 2015.

*Jason Libby*
Jason B. Libby
United States Magistrate Judge

---

[3] Plaintiff repeatedly testified that he is seeking injunctive relief against the TDCJ-CID to stop the two-meals on the weekends practice. Plaintiff was advised that those claims are properly maintained, if at all, in the jurisdiction in which he is incarcerated, and would not be address herein.

[4] It was previously recommended that the dismissal of this case count as a § 1915(g) strike. *See* D.E. 36, p. 22. This claim need not receive a separate strike order.

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).