Case 2:14-cv-00283 Document 65 Filed in TXSD on 03/07/16 Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
March 08, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| REYNALDO FLORES, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:14-CV-00283 |
| | § | |
| TDCJ TRANSITORIAL PLANNING | § | |
| DEPART. SOUTHERN REGION INST. | § | |
| DIVISION ET AL, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER ADOPTING SUPPLEMENTAL MEMORANDUM AND RECOMMENDATION ON REMANDED CLAIM

Pending before the Court for initial screening is Plaintiff's civil rights complaint (D.E. 1). On November 17, 2015, United States Magistrate Judge Jason B. Libby issued his Supplemental Memorandum and Recommendation on Remanded Claim (M&R, D.E. 54), recommending dismissal of Plaintiff's claim that he had been deprived of food while incarcerated in the Texas Department of Corrections, Garza East and West Units, Beeville, Texas, in violation of the Eighth Amendment prohibition against cruel and unusual punishment. After obtaining an extension of time, Plaintiff filed his objections (D.E. 61) on January 7, 2016.

Plaintiff's objections span over eighteen pages. However, the vast majority of the matters discussed are unrelated to the M&R under consideration or any issues prompted by that M&R. To the extent that Plaintiff fails to state specific objections to the findings of fact and conclusions of law in the M&R, such objections are **OVERRULED**.

With respect to the alleged deprivation of meals, Plaintiff claims that Defendants are "stealing the limited donations from Plaintiff [sic] trust fund, necessary to cover the deprivation of meals on Saturdays and Sundays." D.E. 61, p. 8. While this may state a complaint, it does not rise to the level of a complaint for cruel and unusual punishment because it does not address whether the amount and timing of meals actually provided is unconstitutional. This objection is **OVERRULED**.

Plaintiff also complains that, "[A] Discovery Phase and Jury Trial, will demonstrate that Plaintiff was transferred from Bexar County Jail in inhumane conditions due to the lack of meals or not worthy of Human consumption, for which lost an average of 45 Pounds in County Jail." D.E. 61, p. 17. As pled, Plaintiff has challenged treatment at the Garza Units, not county jail. Thus any lack of quantity or quality of meals leading to weight loss in county jail is irrelevant here. Furthermore, the reason for screening the complaint is to eliminate frivolous claims based on the facts provided by Plaintiff. A general objection that discovery would produce evidence to support the claim is misplaced when the claim, itself, is insufficient. *See generally, Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Al-Ra'id v. Ingle*, 69 F.3d 28, 33 (5th Cir. 1995). This objection is **OVERRULED**.

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's M&R, as well as Plaintiff's objections, and all other relevant documents in the record, and having made a de novo disposition of the portions of the Magistrate Judge's M&R to which objections were specifically directed, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** as its own the findings and

conclusions of the Magistrate Judge. Accordingly, Plaintiff's claims related to the deprivation of meals is **DISMISSED WITH PREJUDICE**. Having already dismissed Plaintiff's other claims (D.E. 42), this action is **DISMISSED WITH PREJUDICE**.

ORDERED this 7th day of March, 2016.

                                                _____
                                                NELVA GONZALES RAMOS
                                                UNITED STATES DISTRICT JUDGE